IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:20-CR-268 |
| vs. | |
| GREGORY LUKASSEN, | MEMORANDUM AND ORDER ON DEFENDANT'S MOTION IN LIMINE |
| Defendant. | |

This matter is before the Court on Defendant's Motion in Limine. Filing 81. Defendant's Motion requests that the Court prohibit the Government from mentioning or introducing two pieces of evidence. Specifically, Defendant requests exclusion of: (1) "Cybertips" from Google, Mocospace, and Kik; and (2) an image of purported child pornography. Filing 81 at 1, 4. The Government opposes the Motion. Filing 84.

As the parties explain in their briefing on this matter, the "Cybertips" are contained in National Center for Missing and Exploited Children (NCMEC) Cyber Tipline reports and a report from Kik. According to Defendant, the "Cybertips" are inadmissible hearsay; their introduction at trial would violate the Confrontation Clause of the Sixth Amendment to the United States Constitution under *Crawford v. Washington*, 541 U.S. 36 (2004); and they are "stale." Filing 81 at 1. The Government responds that they do not intend to offer the "Cybertips" for their truth, but rather to explain the reasons for and the propriety of the police investigation and to provide context to and show Defendant's reaction to references to the "Cybertips" during Defendant's interview. Filing 84 at 2. The Government further counters that the supposed "staleness" of the "Cybertips" is irrelevant to whether they should be excluded, because the "Cybertips" are relevant to the issues in this case. Filing 84 at 1–2.

1

Under the Federal Rules of Evidence, hearsay is a statement that "the declarant does not make while testifying at the current trial" and that is offered "to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(1)–(2). The protections afforded by the Fifth Amendment's Confrontation Clause pursuant to *Crawford v. Washington* are limited to statements that constitute "testimonial hearsay." *United States v. Holmes*, 620 F.3d 836, 841 (8th Cir. 2010) ("As made clear in *Crawford*, the Confrontation Clause applies only to testimonial hearsay statements.").

"Where an out-of-court statement is offered not for the truth of the matter asserted but rather 'to explain the reasons for or propriety of a police investigation,' then it is not hearsay and does not implicate the Confrontation Clause." *United States v. Shores*, 700 F.3d 366, 374 (8th Cir. 2012). If "the statement [is] offered only to show why the officers conducted their investigation in the way they did, the Confrontation Clause is not implicated." *United States v. Brooks*, 645 F.3d 971, 977 (8th Cir. 2011). The Eighth Circuit Court of Appeals, however, has cautioned "against allowing all explanatory testimony: '[t]his type of evidence will be allowed into evidence to explain a police investigation . . . only when the propriety of the investigation is at issue in the trial.'" *Id.* (quoting *Holmes*, 620 F.3d at 84).

Moreover, statements that merely provide context for other admissible statements[1] "are not hearsay because they are not offered for their truth." *United States v. Ralston*, 973 F.3d 896, 913 (8th Cir. 2020). Instead, statements offered for context allow the admissible statements to be "intelligible for the jury" so that the jury is not forced "to make sense out of just one side of [a] two-sided conversation[]." *Id.* (quoting *United States v. Spencer*, 592 F.3d 866, 879 (8th Cir. 2010)).

---

[1] Defendant's own statements, if offered against him by the Government, are not hearsay. *See* Fed. R. Evid. 801(d)(2)(A).

2

As the caselaw above demonstrates, the admissibility of an out-of-court statement depends largely on the purpose for which it is offered and what occurs at trial. *See United States v. Perez-Trevino*, No. 15-CR-2037-LRR-9, 2016 WL 4014651, at *3 (N.D. Iowa July 26, 2016) (remarking that whether "'the propriety of the investigation is at issue in trial' is fact intensive"). Indeed, the Government requests that the Court defer ruling on the admissibility of the "Cybertips" until they are offered by the Government. The Government further indicates that it may call the individual or individuals who made the "Cybertips" in their case-in-chief.[2] Given that the purpose for which the Government intends to offer the "Cybertips" may be determinative of whether they are admissible, and that it is possible that the individual who generated the "Cybertips" will testify, *see Spencer*, 592 F.3d at 879 (holding that the observations of surveillance officers who were witnesses at trial did not implicate *Crawford*); *Bobadilla v. Carlson*, 575 F.3d 785, 788 (8th Cir. 2009) (noting that the rule in *Crawford* is implicated when the declarant is unavailable and the defendant had not opportunity to cross-examine the declarant), the Court will defer ruling on the admissibility of the "Cybertips" and will not order their exclusion at this time.

The Court next turns to whether the image of purported child pornography should be excluded. The image is identified as Image 3 in the Government's proposed Exhibit 7. According to Defendant, at the suppression hearing a government witness testified that the image was of an "age difficult juvenile" and that the image could have been an image of an adult female. Filing 81

---

[2] The Court notes that, if the Government intends to offer the "Cybertips" under the business records hearsay exception, the Eighth Circuit Court of Appeals has held that "[m]achine-generated records usually do not qualify as 'statements' for hearsay purposes but can become hearsay *when developed with human input*." *United States v. Juhic*, 954 F.3d 1084, 1089 (8th Cir. 2020) (emphasis added). The Government has not indicated that they intend to offer the "Cybertips" under this exception. Nonetheless, the Court advises that if the Government attempts to offer the "Cybertips" as business records, it must be prepared to fully explain that the business records hearsay exception applies. It is possible that the business records exception does not apply in this case. *See id.* (holding that "computer-generate reports" with "human statements and determination" that "were used to classify the files as child pornography" did not qualify as business records); *United States v. Morrissey*, 895 F.3d 541, 554 (8th Cir. 2018) (holding that National Center for Missing and Exploited Children confirmations were not admissible under the business records exception).

at 4. Defendant does not point to anywhere in the record where the witness admitted that the image could be an adult female, however. In response, the Government points out that the witness explained that "age difficult" meant that "[t]here are 12-year-olds who look like they're 22 and there are 22-year-olds who look like they're 12 in development." Filing 46 at 12. The witness further averred that, based on his training and experience, he believed that the female depicted in this image was under the age of 18 and explained why he had the belief. Filing 46 at 12.

      The Court is unpersuaded that the Government's witness's testimony supports excluding this image. The witness testified that he believed that the image depicted a minor female. Moreover, Defendant's argument is misdirected at the sufficiency of the evidence, not whether the evidence would be admissible at trial. It will be for the jury to "draw its own independent conclusion" as to whether the image is of a minor female. *See United States v. Vig*, 167 F.3d 443, 449 (8th Cir. 1999); *see also United States v. Hamilton*, 413 F.3d 1138, 1143–44 (10th Cir. 2005) (finding evidence was sufficient to support a child pornography charge where the Government's expert testified that one image depicted a female who was a minor "beyond a medical certainty"). The testimony highlighted by Defendant is inadequate to remove this issue from the jury or render the image inadmissible. *Cf. United States v. Turpin*, 707 F.2d 332, 337 (8th Cir. 1983) ("In reviewing the denial of a motion for judgment of acquittal, we view the evidence in the light most favorable to the government, along with all reasonable inferences to be drawn therefrom, and determine if there is substantial evidence from which a jury could find the defendant guilty beyond a reasonable doubt."). Accordingly,

      IT IS ORDERED:

1. Defendant's Motion in Limine, Filing 81, is denied as to Image 3 of Government's proposed Exhibit 7 and denied without prejudice to reassertion at trial as to the "Cybertips" exhibits; and

2. The Court will defer ruling on the admissibility of the "Cybertips" until trial.

Dated this 30th day of September, 2022.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

5