IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> GREGORY LUKASSEN, <br><br> Defendant. | 8:20-CR-268 <br><br> MEMORANDUM AND ORDER ON MOTION FOR JUDGMENTS OF ACQUITTAL |

## I.   INTRODUCTION

This matter is before the Court on Defendant's Motion for Judgments of Acquittal, made orally at trial, under Federal Rule of Criminal Procedure 29(a). Defendant argues that based on the evidence at trial no reasonable jury could find that Defendant "knowingly" distributed, received, possessed, or accessed with intent to view child pornography. Filing 103 at 1–5. The Government opposes Defendant's Motion. Filing 104. For the reasons stated below, the Court denies Defendant's Motion.

## II.   BACKGROUND

The Superseding Indictment charged Defendant in two counts. Count I alleged that Defendant "knowingly receive[d] and distribute[d] . . . any visual depiction" of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). Filing 66 at 1. Count II alleged that Defendant "knowingly possess[ed] and knowingly access[ed] with intent to view at least one matter which contained a visual depiction" of child pornography, "including at least one image depicting a

1

prepubescent minor and a minor under the age of twelve years old," in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).[1] Filing 66 at 1–2.

This case proceeded to trial before the undersigned judge on October 4, 2022. Filing 89 (Text Minute Entry). At trial, Don Harris, Vice President of Technical Operations and Legal Compliance for the social media company Mocospace, testified that on September 16 and 17 of 2017 a user named "greg.l.1972" uploaded four images of child pornography on Mocospace in a user-to-user chat. The account for "greg.l.1972" included the phone number 402-957-1272 and listed the user's location as Omaha, Nebraska. At the time, Defendant, who was born in 1972, had the phone number 402-957-1272 and lived in Bellevue, Nebraska. After being alerted that user "greg.l.1972" had uploaded child pornography, Mr. Harris drafted a report and sent it to the National Center for Missing and Exploited Children (NCMEC).

In 2019, after receiving the NCMEC report from Mocospace, as well as similar reports from other electronic service providers, Roy Howell, an investigator with the Bellevue Police Department, located Defendant at Defendant's residence in Bellevue, Nebraska. Officer Howell then interviewed Defendant at the Bellevue Police Department.

At trial, a recording of the interview was played. During the interview, Defendant admitted to receiving child pornography from other users while chatting online on different websites. He denied having any interest in child pornography, although he disclosed that he had engaged in incest fantasies while chatting with others online.

---

[1] The Court instructed the jury that it must unanimously agree whether Defendant distributed child pornography, or whether Defendant knowingly received child pornography, or both, under Count I. The Court further instructed the jury that it must unanimously agree whether Defendant knowingly possessed child pornography, or whether Defendant knowingly accessed with intent to view child pornography, or both, under Count II. *See United States v. Pietrantonio, 637 F.3d 865, 869 (8th Cir. 2011)* (holding that a duplicitous indictment "may be cured by a limiting instruction requiring the jury to unanimously find the defendant guilty of at least one distinct act").

Forensic examinations of Defendant's devices were conducted. The examinations revealed over 65 thumbnail images[2] of child pornography in the thumbcache of Defendant's computer and additional thumbnail images of child pornography on a MicroSD card. Officer Howell testified that at least one of the thumbnail images, located on both Defendant's computer and MircoSD card, was the same as one of the images uploaded by the user "greg.l.1972" on Mocospace as outlined in Mr. Harris's NCMEC report. Officer Howell explained that computers generate thumbnail images when the original image is viewed or downloaded by the computer's user. Officer Howell stated that the presence of thumbnail images indicates that the image was at some time located or viewed on the computer. He admitted that there was no evidence showing that Defendant could view the thumbnail images themselves, however. He also stated that some of the thumbnail images on Defendant's devices had a creation date of March 1, 2018, which is after the "greg.l.1972" account uploaded child pornography images to Mocospace, although he clarified that the creation date is not necessarily the same date that the image was saved to a device.

After the Government rested, Defendant moved for judgments of acquittal on both counts under Federal Rule of Criminal Procedure 29(a). Pursuant to Rule 29(b), the Court reserved ruling on Defendant's motion.

On October 5, 2022, the jury returned unanimous guilty verdicts on both counts of the Superseding Indictment. Filing 95 (Text Minute Entry); Filing 99.

### III.    ANALYSIS

#### A.  Rule of Criminal Procedure 29(a) Standards

Under Federal Rule of Criminal Procedure 29(a), either after the government rests or after the close of all evidence, "the court on the defendant's motion must enter a judgment of acquittal

---

[2] Some of the images were duplicates. Officer Howell testified that 35 of the images were unique images.

of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). If a court reserves decision a motion for a judgment of acquittal, "it must decide the motion on the basis of the evidence at the time the ruling was reserved." Fed. R. Crim. P. 29(b). When considering a motion for judgment of acquittal under Rule 29(a), the court views the "evidence in the light most favorable to the government, resolving conflicts in the government's favor, and accept[s] all reasonable inferences that support the verdict." *United States v. Magallon*, 984 F.3d 1263, 1287–88 (8th Cir. 2021); *but see United States v. Aponte*, 619 F.3d 799, 804 (8th Cir. 2010) ("[T]he government is not entitled to inferences based on conjecture and speculation."). "The district court does not assess the credibility of witnesses or weigh evidence in deciding a motion for judgment of acquittal." *Magallon*, 984 F.3d at 1288. It is unnecessary for the court "to ensure witness testimony was corroborated" and instead "assumes the jury found witness testimony credible that was favorable to the verdict." *Id.*

      A court must grant a motion for a judgment of acquittal "only if there is no interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt." *United States v. Broeker*, 27 F.4th 1331, 1335 (8th Cir. 2022) (internal quotation marks omitted) (quoting *United States v. Gonzalez,* 826 F.3d 1122, 1126 (8th Cir. 2016)); *see also United States v. Johnson*, 639 F.3d 433, 437–38 (8th Cir. 2011) (noting that the standard of review on the denial of a motion for a judgment of acquittal "is very strict"). "If evidence consistent with guilt exists," the motion should not be granted even if "the facts and the circumstances may also be consistent with some innocent explanation." *United States v. Moberg*, 888 F.3d 966, 970 (8th Cir. 2018). Indeed, "[e]ven where the evidence rationally supports two conflicting hypotheses" a judgment of acquittal is not warranted. *See United States v. Reichel*, 911 F.3d 910, 916 (8th Cir. 2018) (quoting *United States v. Huyck*, 849 F.3d 432, 441 (8th Cir. 2017)).

### B. Motion for Judgments of Acquittal

Defendant's argument in support of his Motion for Judgments of Acquittal focuses on the "knowingly" requirement of the charged offenses. Specifically, Defendant argues that the evidence is insufficient to show that he knowingly distributed, received, possessed, or accessed with intent to view child pornography. Filing 103 at 1. According to Defendant, the thumbnail images located on his computer and MicroSD card do not prove that any of these images were the child pornography uploaded to Mocospace via the "greg.l.1972" account. Rather, Defendant asserts, the Government simply asked the jury to "make a leap that the thumbnails for files which no longer exist show that [Defendant] knew the contents prior to receiving them and deleting them or that he actively exercised control over them after he was aware of the nature of the subject matter." Filing 103 at 5. Defendant further points out that a few of the thumbnail images on Defendant's devices had a "file creation date" after the time the "greg.1.1972" account uploaded images of child pornography to Mocospace. Filing 103 at 3.

The Government responds that the evidence is sufficient to prove that Defendant acted knowingly because the Mocospace account associated with the child pornography uploads had the same phone number as Defendant, listed the user's location as a location similar to Defendant's, and had a screen name consistent with Defendant's name and year of birth. Filing 104 at 3–4. When Defendant's computer and MicroSD card were searched, the Government highlights, one of the images of child pornography found on these devices was the same image uploaded to Mocospace. Filing 104 at 4. The Government reasons that the evidence is consistent with Defendant knowingly and intentionally receiving child pornography during online chats and deleting them after viewing them and satisfying himself. Filing 104 at 4.

The offenses charged in the Superseding Indictment all required that Defendant acted "knowingly." *See* 18 U.S.C. § 2252(a)(2) (proscribing punishment for any person who "knowingly

5

receives, or distributes, any visual depiction" of child pornography "by any means including by computer"); *id.* at § 2252(a)(4)(B) (proscribing punishment for any person who "knowingly possesses, or knowingly accesses with intent to view . . . any visual depiction" of child pornography "by any means including by computer"); *see also United States v. Croghan*, 973 F.3d 809, 824 (8th Cir. 2020) (noting that the three separate crimes of possession, receipt, and access of child pornography under 18 U.S.C. § 2252A "require the defendant to have acted 'knowingly'"). As the Eighth Circuit Court of Appeals noted in *United States v. Croghan*, the scienter element in these offenses is of "critical importance in the internet context given spam and the prevalence and sophistication of some computer viruses and hackers that can prey upon innocent computer users." 973 F.3d at 824 (quoting *United States v. Pruitt*, 638 F.3d 763, 766 (11th Cir. 2011)). The knowingly requirement protects the "unwitting downloader of child pornography" from liability. *Id.* (quoting *United States v. Woods*, 684 F.3d 1045, 1060 (11th Cir. 2012)).

In a child pornography case, the "knowingly" element imposes a hefty burden on the government, as "[i]t can be difficult to prove the requisite knowing-receipt [of child pornography] because this requires intricate—and sometimes impossible—tracing and analysis of computer files unless . . . the Government happened to be operating undercover on the same peer-to-peer, internet-file-sharing network as defendant." *Id.* (alterations in original and emphasis omitted) (quoting *United States v. Ross*, 948 F.3d 243, 247 (5th Cir. 2020)). That being said, "[k]nowledge may be proven by circumstantial evidence alone." *United States v. Garcia*, 521 F.3d 898, 901 (8th Cir. 2008) (quoting *United States v. Erdman*, 953 F.2d 387, 390 (8th Cir. 1992)). Indeed, as one federal court of appeals has recognized, "the ability to rely on circumstantial evidence is especially important in [child pornography] cases . . . where the offense is normally committed in private." *United States v. King*, 78 M.J. 218, 221 (C.A.A.F. 2019).

The Court concludes that Defendant fails to show that "there is no interpretation of the evidence that would allow a reasonable jury to find" that he acted knowingly. *Broeker*, 27 F.4th at 1335. Mr. Howell, an employee of Mocospace, testified that the Mocospace account "greg.l.1972" uploaded four images of child pornography. The account's username, phone number, and address support the inference that it was Defendant's account. A forensic examination of Defendant's computer and MicroSD card found a thumbnail version of at least one of the images of child pornography that the "greg.l.1972" account uploaded to Mocospace. During his interview with Officer Howell, Defendant admitted to receiving child pornography from other users while chatting online.

Moreover, investigators discovered over 65 thumbnail images of child pornography on Defendant's computer. As explained by Officer Howell, the presence of thumbnail images on Defendant's computer indicates that at some time the original image was located or viewed on that computer.

From all this evidence, a jury could reasonably conclude that Defendant knowingly used the "greg.l.1972" account to send and receive images of child pornography and that he was knowingly receiving and viewing child pornography on other websites. Although Defendant argued at trial that the evidence was also consistent with him being sent images of child pornography that he instantly deleted, the evidence in this case is consistent with guilt. *See Moberg*, 888 F.3d at 970 (holding that sufficient evidence supports a guilty verdict if the evidence is consistent with guilt, even if "the facts and the circumstances may also be consistent with some innocent explanation"). Indeed, the Eighth Circuit in *Moberg* upheld a guilty verdict for possession of child pornography when there were far fewer thumbnail images on the defendant's computer than in this case. *See id.* (finding evidence sufficient when six thumbnail images of child

pornography were on the defendant's computer). It is also irrelevant whether Defendant could have viewed the thumbnail images on his computer. The evidence shows that the thumbnail images were evidence that the original images of child pornography were at one time viewed or located on Defendant's computer. *See Huyck*, 849 F.3d at 443 (noting that even though the thumbnail images on the defendant's hard drive were not viewable without special software, the images were still evidence of prior possession of child pornography). The fact that a few of the thumbnail images had a file creation date after the time the "greg.l.1972" account uploaded images of child pornography to Mocospace does not matter either, as the presence of the thumbnail images on Defendant's computer itself is consistent with prior viewing or possession of child pornography.

The jury could reasonably conclude from this evidence that Defendant knowingly distributed child pornography, or received child pornography, or both, and that he knowingly possessed child pornography, or accessed child pornography with the intent to view it, or both. Accordingly, the Court denies Defendant's Motion for Judgments of Acquittal.

## IV. CONCLUSION

The Court concludes that Defendant fails to demonstrate that no interpretation of the evidence would allow a jury to reach guilty verdicts on both counts. Accordingly,

IT IS ORDERED that Defendant's Motion for Judgments of Acquittal is denied.

Dated this 25th day of October, 2022.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge