IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>GREGORY LUKASSEN,<br>Defendant. | **8:20–CR–268**<br>**ORDER** |

This matter is before the Court to conduct an initial review of defendant Gregory Lukassen's *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Filing 141. The defendant was sentenced on January 5, 2023, to 240 months' incarceration, Filing 117 (Judgment), after being found guilty of receipt or distribution of child pornography, Filing 99 (Verdict Form). In his Motion, the defendant raises several grounds for habeas relief, all related to ineffective assistance of counsel. Filing 141. The defendant's asserted grounds include counsel's failure to investigate a purported *Franks* issue, counsel purportedly advising defendant to proceed to trial and reject a favorable plea based on faulty advice, appellate counsel's purported ineffectiveness for failing to raise a "preserved, non-frivolous issue on direct appeal," and the "cumulative effect of counsel's errors." Filing 141. The defendant filed a brief and exhibits, Filing 142, and an affidavit, Filing 143, in support of the motion.

The judge receiving a § 2255 motion to vacate must first determine if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings. "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the Court must order the United States to respond and consider holding a hearing. 28 U.S.C. § 2255(b); *see also* Rule 4(b) of the Rules Governing Section 2255 Proceedings.

The defendant's motion was timely filed. A § 2255 motion must ordinarily be filed within one year of the defendant's conviction becoming final. 28 U.S.C. § 2255(f)(1).[1] Given the defendant did not file a petition for writ of certiorari with the United States Supreme Court, the defendant's conviction became final when the deadline for filing a petition expired. *Clay v. United States*, 537 U.S. 522, 532 (2003); Filing 141 at 2 (saying a petition for writ of certiorari was not filed). The deadline for filing a petition for writ of certiorari in this case was 90 days after the United States Court of Appeals for the Eighth Circuit denied rehearing. *See* Sup. Ct. R. 13.1, 3. The defendant filed this § 2255 motion within one year of the conviction becoming final. Filing 141 (Motion filed October 3, 2025); Filing 136 (the Eighth Circuit denying the defendant's petition for rehearing on July 10, 2024).

The Court has conducted an initial review and, for at least one of the defendant's grounds, additional information is needed to determine "whether counsel's performance was deficient, and if so, whether prejudice resulted" from this alleged failure. *United States v. Harris*, 83 F.4th 1093, 1097 (8th Cir. 2023) (internal quotations and citation omitted). Thus, the Court cannot conclude that it "plainly appears" he is not entitled to relief. *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings. Therefore, the Court orders the United States to respond to the grounds presented in the defendant's Motion no later than 21 days after the date of this order. The Court defers determining whether it is necessary to hold an evidentiary hearing until it has reviewed the United States' response. Accordingly,

IT IS ORDERED that the United States shall respond to the defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, Filing 141, no later than November 9, 2026.

---

[1] The other circumstances provided in § 2255(f) concerning the one-year limitation do not apply in this case.

Dated this 19th day of October, 2026.

BY THE COURT:

________________________________

Brian C. Buescher
Chief United States District Judge