IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>GREGORY LUKASSEN,<br>Defendant. | **8:20-CR-268**<br><br>**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255** |

This matter is before the Court on petitioner Gregory Lukassen's *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Filing 141. On October 5, 2022, a jury found the defendant guilty of Courts I and II of the Superseding Indictment: (I) Receipt or distribution of child pornography and (II) possession of or knowing access with intent to view child pornography. Filing 94 (text minute entry); Filing 66. On January 5, 2023, the defendant was sentenced to 240 months of imprisonment as to Count I. Filing 117 at 1–2 (Judgment). Count II was vacated. Filing 117 at 1. Lukassen appealed, arguing that the Court erred in (1) "denying his motion to suppress evidence," (2) "denying his motion for judgment of acquittal," (3) "abus[ing] its discretion at sentencing by denying his motion for downward departure," and (4) ordering restitution. *United States v. Lukassen*, 103 F.4th 1325, 1328, 1330–31 (8th Cir. 2024). The United States Court of Appeals for the Eighth Circuit affirmed the Court's judgment in all respects. *Id.* The Eighth Circuit denied the defendant's petition for rehearing. Filing 136.

The defendant timely filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Filing 141. The defendant filed a brief and affidavit in support of the motion. Filing 142; Filing 143. The defendant's motion asserts four grounds for relief, each of which is premised on ineffective assistance of counsel.[1] *See generally* Filing 141. The defendant's first ground asserts, "[c]ounsel's failure to investigate abdicated defendant from arguing a Substantial [sic] *Franks* issue." Filing 141 at 4. The second ground states that "[c]ounsel advised defendant to proceed to trial and reject a favorable plea based on faulty advice." Filing 141 at 5. The third ground alleges that "[a]ppellate [c]ounsel was ineffective for failing to raise a preserved, non-frivolous issue on direct appeal." Filing 141 at 7. Finally, the defendant asserts "[t]he cumulative effect of counsel's errors deprived defendant of effective assistance and undermined the integrity of the proceeding." Filing 141 at 8.

On October 19, 2026, the Court conducted an initial review of the defendant's claims and directed the United States to respond to the grounds presented in the defendant's motion.[2] Filing 145. The United States filed a response on October 29, 2026. Filing 147. The Court finds that Lukassen has failed to present any viable claims for habeas relief, and his petition is therefore dismissed without an evidentiary hearing.

## I. BACKGROUND

The Eighth Circuit has summarized the background of this case, saying:

> Law enforcement officers received information regarding suspicious internet activity of Gregory Lukassen in 2015, 2017, and 2019. The government refers to these communications as "cyber tips." An officer eventually interviewed Lukassen

[1] The defendant was represented by David Stickman before this Court and on direct appeal. Filing 141 at 10.

[2] Shortly after the Court filed its Order on Initial Review on October 19, 2026, Filing 145, the defendant filed a "Motion to Proceed." Filing 146. The defendant does not request any relief in this motion. *See* Filing 146. Given this Memorandum and Order disposing of the defendant's § 2255 Motion, the Court denies the defendant's Motion to Proceed as moot.

> in January 2020. Lukassen admitted that he had engaged in online chats about "daddy-daughter" sexual fantasies and had received sexually explicit images of children. He also stated that his truck contained electronic devices.
>
> In January 2020, the officer obtained a search warrant for Lukassen's truck and seized several electronic devices. Detectives found child pornography on a computer and a MicroSD card.
>
> A grand jury charged Lukassen with receipt and distribution of child pornography (Count I), *see* 18 U.S.C. § 2252(a)(2), and possession of child pornography (Count II), *see id.* § 2252(a)(4)(B). Lukassen moved to suppress evidence seized from the electronic devices, and the court denied the motion. The grand jury then returned a superseding indictment that revised the same two counts, and the case proceeded to trial.
>
> A jury found Lukassen guilty on both counts. At sentencing, the district court vacated Lukassen's conviction on Count II (possession of child pornography), because it agreed with the government's suggestion that convictions and sentences for both distribution and possession of the same images could violate the Double Jeopardy Clause. On the conviction under Count I, the court imposed a term of 240 months' imprisonment and ordered restitution in the amount of $3,000 to each victim who requested restitution.

*Lukassen*, 103 F.4th at 1328.

Prior to trial, the defendant's lawyer, David Stickman, filed a Motion to Suppress with this Court, challenging three state-issued search warrants—including the search warrant for the truck referenced by the Eighth Circuit. Filing 22. The Motion challenged the search warrants on the grounds that they were not supported by probable cause and did not "particularly describe the items to be searched, the scope of the search[,] and the search itself." Filing 22 at 1, 2. Then-United States Magistrate Judge Susan M. Bazis held an evidentiary hearing on the motion. Filing 35 (text minute entry). A former Bellevue Police Department detective, Roy Howell, testified at this hearing. Filing 46 at 8. Several of the defendant's grievances concern Howell and the testimony he gave at the hearing. *See generally* Filing 142. Ultimately, Judge Bazis issued a Findings and Recommendation recommending that the Court deny the Motion to Suppress because the defendant lacked standing to challenge the search of the vehicle, the warrants were properly supported by probable cause and

were sufficiently specific, and suppression would be inappropriate even if the warrants were deficient under the *Leon* good-faith exception. Filing 49. The Court overruled the defendant's Objection to Findings and Recommendation, Filing 50 (Objection), and adopted Judge Bazis' Findings and Recommendation, Filing 53 (adopting Findings and Recommendation).

## II. ANALYSIS

### A. Applicable Standards

Lukassen brings his motion pursuant to 28 U.S.C. § 2255, which permits federal prisoners to ask the sentencing court to "vacate, set aside, or correct" a sentence upon a showing that "the sentence imposed was in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). "Section 2255 is an outgrowth of the historic habeas corpus powers of the federal courts as applied to the special case of federal prisoners." *Jones v. Hendrix*, 599 U.S. 465, 472 (2023); *see also Odie v. United States*, 42 F.4th 940, 944 (8th Cir. 2022) ("Section 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." (internal quotation marks and citations omitted)). Relief under 28 U.S.C. § 2255 is limited, as it "does not encompass all claimed errors in conviction and sentencing." *Meirovitz v. United States*, 688 F.3d 369, 370 (8th Cir. 2012). "A § 2255 motion can be dismissed without a hearing if '(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Tinajero-Ortiz v. United States*, 635 F.3d 1100, 1105 (8th Cir. 2011) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003)). Put differently, "[n]o hearing is required . . . where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions

upon which it is based." *Franco v. United States*, 762 F.3d 761, 763 (8th Cir. 2014) (internal quotation marks and citations omitted).

Lukassen's claims turn on allegations of ineffective assistance of counsel. Under the Supreme Court's test for ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 668, 686 (1984), courts consider "whether counsel's performance was deficient, and if so, whether prejudice resulted." *United States v. Harris*, 83 F.4th 1093, 1097 (8th Cir. 2023) (internal quotation marks and citation omitted). "Deficient performance is that which falls below the range of competence demanded of attorneys in criminal cases." *O'Neil v. United States*, 966 F.3d 764, 770 (8th Cir. 2020) (quoting *Bass v. United States*, 655 F.3d 758, 760 (8th Cir. 2011)). "Only a performance 'outside the wide range of reasonable professional assistance' is constitutionally deficient." *Id.* at 771 (quoting *Love v. United States*, 949 F.3d 406, 410 (8th Cir. 2020)). To demonstrate prejudice, "a 'defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Paulson v. Newton Corr. Facility, Warden*, 773 F.3d 901, 904 (8th Cir. 2014) (quoting *Strickland*, 466 U.S. at 694). "The likelihood of a different outcome . . . 'must be substantial, not just conceivable.'" *Donelson v. Steele*, 16 F.4th 559, 570 (8th Cir. 2021) (quoting *Harrington v. Richter*, 562 U.S. 86, 112 (2011)). "Failure to establish either *Strickland* prong is fatal to an ineffective-assistance claim." *Worthington v. Roper*, 631 F.3d 487, 498 (8th Cir. 2011).

### B. Lukassen's Claims for Ineffective Assistance of Counsel

#### *1. Challenges to Detective Howell's Affidavit*

The defendant's first ground for relief asserts that "[c]ounsel's failure to investigate abdicated defendant from arguing a [s]ubstantial *Franks* issue." Filing 141 at 4. The defendant advances five arguments in support of his claim. First, the defendant takes issue with Detective

Howell's affidavit characterizing the child contained in an image as an "'age difficult juvenile' female." Filing 142 at 10. The defendant explains that Detective Howell was asked what this phrase meant at the motion to suppress hearing and responded "[t]here are 12 year olds who look like they are 22; and there are 22 year olds who look like they're 12 in development." Filing 142 at 10 (citing Filing 46 at 12). The defendant further explains that Detective Howell stated that he did not have "confirmation" of the child's age but "believe[d] that the female depicted in [the] image was a juvenile." Filing 142 at 10 (citing Filing 46 at 14–16). The defendant argues that "[t]his clarification or [sic] factors were not included in the affidavit submitted to the county judge yet were made under oath in this proceeding" and that this "approach[es] perjury." Filing 142 at 10. The defendant also asserts that Detective Howell misled the state judge because Detective Howell materially omitted that the "National Center for Missing and Exploited Children [NCMEC] was not able to identify the female nor her age nor the image as child pornography." Filing 142 at 10. According to the defendant, "it is clear the affidavit contained a deliberate or reckless omission of facts with the intent of bolstering his probable cause determination to the judge, when he repeatedly referred to the 'juvenile.'" Filing 142 at 10.

This first argument is without merit. While an affidavit supporting a search warrant is presumed to be truthful, *see Franks*, 438 U.S. at 164, a defendant is entitled, in limited circumstances, to "a hearing to challenge a search warrant on the ground that the supporting affidavit contains factual misrepresentations or omissions relevant to the probable cause determination." *United States v. Arnold*, 725 F.3d 896, 898 (8th Cir. 2013). "[I]n order to merit a *Franks* hearing, [the defendant] must show both (1) that the affiant . . . 'knowingly and intentionally' made false statements or made them in 'reckless disregard for the truth' and (2) if the false information is excised (or the omitted information is included), the affidavit no longer establishes probable cause."

*Arnold*, 725 F.3d at 898 (citing *Franks*, 438 U.S. at 155–156). The defendant must show "by a preponderance of the evidence that an affidavit including [the omitted information] could not support a finding of probable cause." *United States v. Miller*, 11 F.4th 944, 952–53 (8th Cir. 2021).

Lukassen does not identify any inconsistencies between Detective Howell's affidavit and the testimony given at the motion to suppress hearing. *Compare* Filing 142 at 10 *with* Filing 46. The affidavit explains that Detective Howell was "provided [with a] cyber tip with the sexually explicit image that was reported by Kik" and that he personally viewed the image that he believed to "depict[] an age difficult juvenile female." Filing 25-1 at 9–10. At the hearing, Detective Howell simply defined what he meant by "age difficult juvenile female" and confirmed his belief that the child depicted was, in fact, a juvenile. Filing 46 at 11–16. Lukassen does not and cannot show that Detective Howell "'knowingly and intentionally' made false statements or made them in 'reckless disregard for the truth'" given no false statements were made. *Arnold*, 725 F.3d at 898 (citing *Franks*, 438 U.S. at 155–156). Further, even if Detective Howell could be said to have omitted material information from the affidavit (*e.g.*, not stating explicitly that he did not know for certain the individual's age), the affidavit would have still established probable cause given the included evidence, the affiant's expertise, and the affiant's investigation. *See generally* Filing 25-1; *Miller*, 11 F.4th at 952–53 (saying the defendant must show "by a preponderance of the evidence that an affidavit including [the omitted information] could not support a finding of probable cause" to warrant a *Franks* hearing). Given the defendant's counsel could not have made the "substantial preliminary showing" required to merit a *Franks* hearing, the defendant's above argument fails. *United States v. Harris*, 83 F.4th 1093, 1097 (8th Cir. 2023) (saying for ineffective assistance claims that courts consider "whether counsel's performance was deficient, and if so, whether prejudice resulted" (internal quotation marks and citation omitted)).

The defendant's second argument relates to information concerning "two prior cyber tips" included in Detective Howell's affidavit. Filing 142 at 10–12; Filing 25-1 at 10. Specifically, the defendant asserts that Detective Howell made a material false statement by omitting certain information relating to cyber tips from 2015 and 2017 referenced in the affidavit. Filing 142 at 10–12. The defendant asserts that Detective Howell used the two cyber tips in order to procure a search warrant without apprising the state judge of their true probative value. Filing 142 at 10–12. With respect to the 2015 cyber tip, the defendant asserts that there was no arrest made pursuant to the 2015 cyber tip, and "the only conclusion reasonably reachable would be that the result of the search exonerated Mr. Lukassen of the alleged crime asserted by the 2015 cybertip and/or that the cypertip [sic] was spurious or dismissed as unfounded." Filing 142 at 11. With respect to the 2017 cyber tip, the defendant argues that Detective Howell made a material false statement to the state judge by referencing the cyber tip without mentioning any details about an investigation, or lack thereof, relating to the cyber tip. Filing 142 at 12. According to the defendant, Detective Howell committed a *Franks* violation because, "[u]ltimately, Detective Howell knowingly and intentionally listed two prior cybertips, one in 2015 he had previously investigated and found no crime, theother [sic] in 2017 that was never investigated." Filing 142 at 13.

Much like the defendant's first argument, the defendant fails to show any material falsehood or omission with respect to this second argument. The defendant does not point to any inaccuracies, and the defendant similarly fails to show why the cyber tips were not probative. Filing 142 at 10–12. Instead, the defendant embarks on a conjectural theory in which he concludes that he was "exonerated" with respect to the 2015 cyber tip. Filing 142 at 11. However, even if Detective Howell included in his affidavit that no arrest was made pursuant to the 2015 cyber tip and that the 2017 cyber tip was not investigated, the affidavit still would have established probable cause. The

defendant does not point to an instance in the hearing transcript where Detective Howell admitted that the cyber tips had no probative value and were only included as a misleading evidentiary veneer to deceive the state judge. Filing 142 at 10–12. Moreover, the affidavit clearly laid out other facts sufficient to support a probable cause finding, including information on a 2019 cyber tip reported by Kik that originated from an IP address located at a place the defendant was staying. Filing 25-1 at 10–11. The 2019 cyber tip also shared information with the two prior cyber tips associated with the defendant (*e.g.,* the email address on the account). Filing 25-1 at 10. The defendant would not have been entitled to a *Franks* hearing. *Miller*, 11 F.4th at 952–53 (saying the defendant must show "by a preponderance of the evidence that an affidavit including [the omitted information] could not support a finding of probable cause" to warrant a *Franks* hearing). Thus, the defendant's above argument for ineffective assistance of counsel fails. *Harris*, 83 F.4th at 1097 (saying for ineffective assistance claims that courts consider "whether counsel's performance was deficient, and if so, whether prejudice resulted" (internal quotation marks and citation omitted)).

The defendant asserts for his third argument,

> Detective Howell knowingly and intentionally included the "unable to locate", "transient", and "homeless" narrative to prevent [Detective Howell's] unlawful seizure and search of the vehicle and its contents from being detected as unlawful. These false statements, and/or reckless omissions , [sic] prove yet again that a *Franks* hearing is viable and the initial requirement met.

Filing 142 at 15. However, this argument also fails because the defendant has failed to show a material misrepresentation or omission. Lukassen's brief repeatedly asserts that he was between jail and a friend's address, saying "Mr. Lukassen was arrested 7 times between 2016 and 2019." Filing 142 at 13–14. Although unintentionally, Lukassen's own brief concedes his being "transient between residence's [sic]." Filing 25-1 at 10. Additionally, as pointed out by the government, "[i]f anything, being transient tends to distance Lukassen from the IP address related to the [2019]

Cybertip." Filing 147 at 12. The defendant would not have been entitled to a *Franks* hearing on the statements relating to his whereabouts, transience, and homelessness included in the affidavit because there was no material misrepresentation or omission. Even if the affidavit claimed the friend's address as the defendant's own residence or offered some other explanation for the defendant's whereabouts, the affidavit would have still established probable cause for the search for the reasons outlined elsewhere. *Miller*, 11 F.4th at 952–53 (saying the defendant must show "by a preponderance of the evidence that an affidavit including [the omitted information] could not support a finding of probable cause" to warrant a *Franks* hearing). Thus, the defendant's above argument for ineffective assistance of counsel fails. *Harris*, 83 F.4th at 1097 (saying for ineffective assistance claims that courts consider "whether counsel's performance was deficient, and if so, whether prejudice resulted" (internal quotation marks and citation omitted)).

The defendant's fourth argument takes issue with Detective Howell's testimony at the hearing relating to a truck that the defendant possessed. Filing 142 at 15–16. Specifically, the defendant asserts that "Detective Howell also testified that the police impound yard learned the vehicle, a truck, had an illegally replaced VIN, a 'chopped VIN' which indicated to the police that the vehicle was stolen." Filing 142 at 15 (citing Filing 46 at 27). The defendant takes issue with the testimony because the defendant claims that he "was unaware he purchased and drove a stolen vehicle."[3] Filing 142 at 15. The defendant, however, cannot make the substantial showing required to merit a *Franks* hearing on the above because the affidavit makes no mention of whether or not the truck was stolen. *See generally* Filing 25-1. It appears that law enforcement only identified the

[3] The defendant concedes that he pleaded guilty to receiving stolen property. Filing 142 at 15 (saying "Mr. Lukassen plead[ed] guilty to "Receiving" stolen property as attested to in the proceeding and in his PSR"); Filing 115 at 14 (showing the defendant has a state conviction for theft by stolen property). That offense has a knowledge element. Neb. Rev. Stat. § 25-517 (saying the defendant must "know[] that it has been stolen, or believe[s] that it has been stolen").

truck as stolen after the affidavit was authored. Filing 25-1 at 12 (saying "I informed Lukassen I seized his stuff from Doucette's residence and towed his truck"); Filing 115 at 6 (saying "TFO Howell then contacted the homeowner who advised that the computer and other items belonged to Lukassen and that the homeowner did not want them in the residence. Lukassen's truck was towed to the police department, where it was later determined to have been stolen."). The overall record shows that there was no material falsehood or omission made that would warrant a *Franks* hearing. *Miller*, 11 F.4th at 952–53 (saying the defendant must show "by a preponderance of the evidence that an affidavit including [the omitted information] could not support a finding of probable cause" to warrant a *Franks* hearing). The defendant's fourth argument for ineffective assistance of counsel fails. *Harris*, 83 F.4th at 1097.

The defendant offers one final argument as a challenge to Detective Howell. The defendant asserts *inter alia* that, "in the affidavit submitted with Detective Howell's search warrant, we find that Howell only provided mis-quotes or generalizations and even reconstrued statements from Mr. Lukassen's actual statements in a recorded interrogation that everyone had access to accept [sic] the Court during the issuance of the search warrant" and that "[t]hese reconstrued statements in the affidavit and [suppression] proceeding were used to strengthen the Prosecution's or Detective Howell's determination of probable cause." Filing 142 at 17. Specifically, the defendant asserts that he "never said the term 'daddy daughter' in his testimony" but that Detective Howell used the term in the affidavit to establish probable cause. Filing 142 at 17–19.

The defendant appears to be challenging the content of the paragraph in the affidavit wherein Detective Howell states,

> I read Lukassen his Miranda Rights from the advisory form. Lukassen agreed to talk with me and signed the form. I informed Lukassen of my investigation. During the interview Lukassen admitted the laptop, black Nissan computer bag, black shaving

> kit and purple Crown Royal bag belonged to him. Lukassen admitted he used Kik and Mocospace to communicate with people. Lukassen admitted he liked to play the "daddy daughter thing when he chatted and was into some sick shit." Lukassen admitted to receiving sexually explicit images of children from people but deleted them when he received them. Lukassen denied ever sending any of the sexually explicit images to anyone.

Filing 25-1 at 13. The problem with Lukassen's argument is that it is once again contradicted by the record. In fact, on direct appeal, the Eighth Circuit stated with respect to this interview that "Lukassen admitted that he had engaged in online chats about 'daddy-daughter' sexual fantasies and had received sexually explicit images of children." *Lukassen*, 103 F.4th at 1328. Lukassen further admits in his brief that he told Detective Howell that he was "doing pretty sick shit." Filing 142 at 18. The record shows that Detective Howell accurately summarized the interview in his affidavit and made no material falsehood or omission that would warrant a *Franks* hearing. *Miller*, 11 F.4th at 952–53. The defendant's final argument for ineffective assistance of counsel fails. *Harris*, 83 F.4th at 1097. Thus, the defendant's first ground for relief is without merit, and no evidentiary hearing is required. *Franco*, 762 F.3d at 763.

*2. Counsel's Failure to Provide Competent Advice*

The defendant's second ground for relief asserts that "[c]ounsel advised defendant to proceed to trial and reject a favorable plea based on faulty advice." Filing 141 at 5. The defendant appears to make two primary arguments related to his counsel failing to advise him of his true likelihood of success at trial in support of his second ground. First, the defendant asserts that "[c]ounsel failed to properly inform and advise Mr. Lukassen of two different, formal, and favorable plea offers made by the Government." Filing 142 at 25. This assertion is contradicted by the defendant's brief, as he states that the "[p]rosecutor notified [c]ounsel that she had received approval to offer Mr. Lukassen one of two 11(c)(1)(C) plea agreements" and that "[c]ounsel told Mr.

Lukassen that 'the Government is offering a plea deal of 8½ years, and due to your criminal history, your category would be maxed at a VI," "mak[ing] their plea deal a good offer compared to the 15 years you are facing." Filing 142 at 22, 41. The defendant also argues that "[c]ounsel led Mr. Lukassen to reject both offers bassed [sic] on an objectively unreasonable and legally flawed reasoning that the Prosecution could not prove the crime and enthusiastically claimed Mr. Lukassen would win at trial." Filing 142 at 25. Defense counsel advised the defendant of the benefits of the plea agreement that was on the table but continued investigating at the defendant's urging, as the defendant explains his unwillingness to accept that plea agreement. *See* Filing 142 at 22. Additionally, the defendant explains that he asked defense counsel, "[w]hat are my chances of winning" and that defense counsel responded, "[w]e have a triable case. Typically I can only win half of my cases; Of the half I could win, my win percentage is 85–90%." Filing 142 at 23. Even assuming the defendant's case fell into the latter category, defense counsel never said that acquittal was certain. Filing 142 at 23.

Lukassen also argues that he was not properly advised that "the [p]rosecution could over come [sic] the mens rea, knowingly, element with circumstantial evidence and inference," but this is also contradicted in the defendant's brief, as the defendant admits that his counsel informed him that he could not get the charges "dropped" because the Government believed it could still secure a conviction on the basis of circumstantial evidence. Filing 142 at 22–23 (characterizing the Government as saying that it believed it could secure a conviction "because of the chat rooms [the defendant] was in").

Ultimately, assuming his counsel's performance was deficient, the defendant would still have to show that he would have chosen to plead guilty rather than take his case to trial. *See Paulson*, 773 F.3d at 904 (saying that to demonstrate prejudice, "a 'defendant must show that there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different'") (quoting *Strickland*, 466 U.S. at 694)); *United States v. Nesgoda*, 559 F.3d 867, 870 (8th Cir. 2009). Although the defendant contends otherwise, the record—and the defendant's brief—show that he would have still insisted on going to trial. Court's do not look to "post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies" and should "instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, 582 U.S. 357, 369 (2017). "Before a district court enters judgment on a defendant's guilty plea, it must determine that there is an adequate factual basis for the plea." *United States v. Wroblewski*, 816 F.3d 1021, at 1024–25 (8th Cir. 2016) (citing Fed. R. Crim. P. 11(b)(3)). The defendant asserts that, prior to trial, he maintained his innocence and that he would not accept a guilty plea, even after being counseled that the available plea agreement was a "good offer." Filing 142 at 22. The defendant also appears to maintain his innocence now, and, at the very least, does not concede any facts he believed to exist that were sufficient to underlie a conviction. *See* Filing 142 (arguing *inter alia* that the defendant did not have the mens rea necessary to be convicted, that there was insufficient evidence, and that the conviction was based on government misconduct); *see, e.g.*, Filing 142 at 32 ("Regardless, this is still no, zero, evidence regarding intent, or anything related to juvenile or children incest fantasics [sic] to support [the inference that he solicited or viewed child pornography]"). In other words, the defendant's position that he would have taken a plea deal but for his counsel's deficiencies is premised on his belief that doing so would have yielded a better outcome for him. This alone is not sufficient to show that he would have—or even could have—taken the plea agreement, however, as he has not shown he, at any time, believed there was a factual basis for the plea agreement. *See* Filing 142. The defendant's second ground for relief fails because the defendant has failed to show that his counsel

acted unreasonably, or, if he did, that the defendant was prejudiced as a result. *Harris*, 83 F.4th at 1097 (saying for ineffective assistance claims that courts consider "whether counsel's performance was deficient, and if so, whether prejudice resulted" (internal quotation marks and citation omitted)). No evidentiary hearing is required. *Franco*, 762 F.3d at 763.

*3. Appellate Counsel's Failure to Argue "Equipoise"*

The defendant's third ground for relief is that "[a]ppellate [c]ounsel was ineffective for failing to raise a preserved, non-frivolous issue on direct appeal." Filing 141 at 7. Specifically, the defendant asserts that "[c]ounsel failed to challenge the evidence showing that circumstantial inferences of both guilty and innocence were in equipoise." Filing 142 at 28. In support of his argument, the defendant states,

> The Prosecution's inference of mens rea guilt and the defense's inference of mens rea innocence, both from Mr. Lukassen's testimony, are in equipoise and require the Court to recognize that if the evidence equally supports both the prosecution's and defense's version of the defendant's state of mind, then reasonable doubt exists, mandating a reversal of the conviction. Because Counsel missed this critical, preserved, non-frivolous issue, Counsel prejudiced Mr. Lukassen and an unfair appeal ensued.

Filing 142 at 34. Although it is unclear what authority the defendant relies on, the defendant's argument appears to be predicated on the Eighth Circuit's decision in *United States v. Boesen*. 497 F.3d 852 (8th Cir. 2007). In that case, the Eighth Circuit provided,

> [The defendant] cites *United States v. Dunlap*, 28 F.3d 823, 827 (8th Cir.1994), for the proposition that where the government's evidence is "equally consistent" with innocence or the uncharged conduct, a conviction cannot stand. This holding was fully articulated in *United States v. Davis*, 103 F.3d 660, 667 (8th Cir.1996), "[w]here the government's evidence is equally strong to infer innocence as to infer guilt, the verdict must be one of not guilty." However, this court has made clear that "if the evidence rationally supports two conflicting hypotheses, the reviewing court will not disturb the conviction." [*United States v.] Baker*, 98 F.3d [330,] 338 [(8th Cir. 1996)]. This court has reconciled the quoted holdings: *Davis* refers only to the government's evidence, while *Baker* refers to all of the evidence, including that presented by the defense. *See United States v. Bolzer*, 367 F.3d 1032, 1035 n. 1 (8th

> Cir.2004); *see also United States v. Flores*, 362 F.3d 1030, 1035 n. 1 (8th Cir.2004); *see also [United States v. Water*, 413 F.3d [812,] 816 [(8th Cir. 2005)].

*Boesen*, 491 F.3d at 857. The Eighth Circuit ruled on direct appeal that the government produced sufficient evidence to legally support a guilty verdict. *Lukassen*, 103 F.4th at 1330 (explaining the evidence produced by the trial was legally sufficient for "[a] reasonable jury [to find] that Lukassen knowingly received and distributed child pornography"). Additionally, where the Eighth Circuit has spoken of "equipoise," it has seemed to do so in the context or error. *See, e.g.*, *Yang v. Roy*, 743 F.3d 622, 626 (8th Cir. 2014); *Christenson v. Ault*, 598 F.3d 990, 995 (8th Cir. 2010). The Eighth Circuit did not identify any error on direct appeal. *Lukassen*, 103 F.4th 1325. The defendant's third ground fails, and an evidentiary hearing is not required. *Franco*, 762 F.3d at 763.

*4. Ineffective Assistance of Counsel Based on Counsel's Cumulative Errors*

The defendant's last ground for relief asserts that "[t]he cumulative effect of counsel's errors deprived defendant of effective assistance and undermined the integrity of the proceeding." Filing 141 at 8. The defendant has nowhere shown that his counsel performed deficiently or that he was prejudiced by any deficient performance. *Harris*, 83 F.4th at 1097 (saying for ineffective assistance claims that courts consider "whether counsel's performance was deficient, and if so, whether prejudice resulted" (internal quotation marks and citation omitted)). Given the Court has found that each of Lukassen's previous alleged grounds fails, this ground does not require an evidentiary hearing and necessarily fails. *Franco*, 762 F.3d at 763; *Middleton v. Roper*, 455 F.3d 838, 851 (8th Cir. 2006) (saying the Eighth Circuit has "repeatedly recognized 'a habeas petitioner cannot build a showing of prejudice on a series of errors, none of which would by itself meet the prejudice test'" (quoting *Hall v. Luebbers*, 269 F.3d 685, 692 (8th Cir. 2002)).

### C. Certificate of Appealability

No appeal may be taken on a § 2255 motion to vacate unless a judge issues a certificate of appealability, which requires the appellant to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)–(2). To make "a substantial showing of the denial of a constitutional right" after the district court denies a constitutional claim on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a petition is denied on procedural grounds, a petitioner is entitled to a certificate of appealability if the petitioner "shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Reasonable jurists would not find the Court's decisions debatable here. Therefore, the Court will not issue a certificate of appealability.

## III. CONCLUSION

For the reasons stated above, Lukassen's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, Filing 141, fails and no evidentiary hearing is required. Accordingly,

IT IS ORDERED:

1. Gregory Lukassen's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, Filing 141, is denied;
2. The defendant's Motion to Proceed, Filing 146, is denied as moot; and
3. The Court will not issue a certificate of appealability.

Dated this 10th day of November, 2026.

BY THE COURT:

Brian C. Buescher
Chief United States District Judge